UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTINE MILLER | § | |
| Plaintiff, | § | |
| | § | Civil Action No. _____ |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL TELEPHONE | § | |
| COMPANY D/B/A AT&T TEXAS | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Christine Miller ("Plaintiff") and complains of Defendant Southwestern Bell Telephone Company d/b/a AT&T Texas ("Defendant") and for her causes of action would show the Court as follows:

## I.
## INTRODUCTION

1.      This action seeks equitable relief, back pay, front pay, actual, compensatory, liquidated, and punitive damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for violations of the American with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101, et seq. and violations of the Family and Medical Leave Act ("FMLA"), as amended, 29 U.S.C § 2601, et seq. suffered by Plaintiff in the course of her employment with Defendant.

## II.
## PARTIES

2.      Plaintiff, Christine Miller is an individual who resides in Harris County, Texas.

3.      Defendant, Southwestern Bell Telephone Company d/b/a AT&T Texas is a for-profit corporation licensed to do and doing business in the state of Texas.  It may be served with

process via its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.
## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

5.      This court has personal jurisdiction over Defendant because it conducts business within the Southern District of Texas.

6.      Venue of this proceeding is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) since Defendant is a resident of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to this claim occurred in the Southern District of Texas.

7.      Jurisdiction is proper pursuant to the American with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101, et seq.

8.      Jurisdiction is proper pursuant to the Family and Medical Leave Act ("FMLA"), as amended, 29 U.S.C § 2601, et seq.

## IV.
## CONDITIONS PRECEDENT

9.      Plaintiff filed a charge of discrimination against Defendant under Charge Number 460-2014-01343 with the Equal Employment Opportunity Commission ("EEOC") on July 15, 2013.

10.     On November 25, 2014, the EEOC issued a Notice of Right to Sue entitling Plaintiff to file an action under the ADA.  The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of her Notice of Right to Sue.

2

11.     All conditions precedent have been performed, have occurred, or have otherwise been satisfied as required by applicable law.

## V.
## FACTS

12.     Plaintiff is a 36 year old female who worked as a Communications Technician for Defendant.  She was a conscientious and reliable employee who performed her duties in a professional manner.

13.     Plaintiff began working for Defendant on about August 20, 2000 until she was terminated by Defendant on or about August 2, 2013.

14.     Plaintiff has a disability as defined by law; a disease involving an abnormal response of the body's immune system, which is directed against the central nervous system. Specifically, Plaintiff suffers from Multiple Sclerosis ("MS").

15.     Plaintiff was officially diagnosed with MS in August of 2012.  However, Plaintiff had been experiencing symptoms related to the disease of MS for several months and likely years before her official diagnosis.

16.     As a result of medical symptoms related to MS, Plaintiff went on approved FMLA leave from May 16, 2012 until August 7, 2012.

17.     From August 8, 2012 until September 12, 2012, Plaintiff remained on medical leave.  Defendant approved this period of leave as short-term disability.

18.     On September 13, 2012, Plaintiff returned to work because Defendant had threated to terminate her for misconduct – insubordination and for refusal to return to work.  This threat of termination occurred even though Plaintiff was on approved FMLA and approved short-term disability leave.

19.     On September 17, 2012, Plaintiff was placed on a written õPerformance Noticeö for a period of nine (9) months until June 17, 2013.  Plaintifføs performance problem was her absence from work while she was on approved FMLA and approved short-term disability leave from May 16, 2012 until September 12, 2012.

20.     The õPerformance Noticeö stated that if Plaintifføs attendance did not improve or if her improvement was not sustained, then she would be subject to further discipline which could include dismissal.

21.     Regardless of her health, Plaintifføs attendance at work improved because of the written threat of termination.  Ultimately, the õPerformance Noticeö was deactivated on July 2, 2013.

22.     On July 8, 2013, Defendant suspended Plaintiff, without pay, claiming that she intentionally used company funds ($149.00) to take a personal trip.  This allegation is without merit and was never supported even after a thorough investigation by Defendant.

23.     On or about July 15, 2013, Plaintiff filed a Charge of Discrimination with the EEOC asserting claims under the ADA.

24.     A few weeks later, on August 2, 2013, Plaintiff was terminated by one of her managers, Karen Garrett.

25.     Defendant discriminated against Plaintiff on the basis of her disability by terminating her and/or failing to provide reasonable accommodations.  In the alternative, Defendant wrongfully discharged Plaintiff for taking FMLA leave.

26.     Upon information and belief, similar situated employees were treated differently than Plaintiff.

27.     Plaintiff has suffered damages as a result of Defendantøs discriminatory conduct.

4

## VI.
## <u>CAUSES OF ACTION</u>

**A.     Americans with Disability Act ("ADA") – Disability Discrimination, Retaliation and Failure to Accommodate**

28.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

29.     Defendant violated the Americans with Disabilities Act by discharging Plaintiff. 42 U.S.C. § 12101 et seq.

30.     Under 42 U.S.C. § 12112, it is unlawful for an employer to discriminate against any individual with respect to her employment because of that individual's disability or because the employer regards that individual as a person with a disability.

31.     Defendant is an employer under the ADA.

32.     Plaintiff belongs to a group of persons that the ADA intends to protect against discrimination in terms, conditions and/or privileges of employment.

33.     By the above-described acts, Defendant discriminated against Plaintiff because of her disability with malice or reckless indifference and has retaliated against Plaintiff for requesting accommodations.  Plaintiff was treated differently than others outside her protected class, and she suffered discrimination because of her disability in violation of the ADA.

34.     Plaintiff is an individual with a disability as defined by the ADA who has the requisite skill, experience, education and other job related requirements necessary to perform, with or without accommodation, the essential functions of her job at the time of termination.

35.     Plaintiff was disabled or viewed as disabled by Defendant.

36.     At the time of her employment with Defendant, Plaintiff was a "qualified individual with a disability" within the ADA.  Plaintiff was a qualified individual with a

disability, was a qualified individual with a record of disability, and/or was regarded by the Defendant as a person with a disability.

37.     As an individual with Multiple Sclerosis, Plaintiff had a disability - a physically impairing condition which substantially limits a major life activity, a disease involving an abnormal response of the body's immune system, which is directed against the central nervous system - within the meaning of the ADA.

38.     Plaintiff was terminated as a direct result of her disability, her record of having a disability, and/or because Defendant regarded her as a person with a disability.

39.     Defendant violated the ADA by intentionally discriminating against Plaintiff because of her disability and/or perceived disability by terminating Plaintiff's employment. Plaintiff's disability and/or Defendant's perception of Plaintiff as a person with a disability caused Defendant to terminate her.

40.     The ADA requires that employers and employees take part in an "interactive process" to analyze "the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." 29 C.F.R. § 1630.2(o)(3).

41.     The interactive process is crucial because the ADA requires that the employer and the employee must work together in good faith to help each other determine what accommodations are necessary. *Cannice v. Norwest Bank Iowa*, 189 F.3rd 723, 727 (8th Cir. 1999).

42.     The EEOC has outlined four steps in this interactive process, which include:

    a.  Analyze the particular job involved and determine its purpose and essential functions;

b.   Consult with the individual to ascertain the precise limitation imposed by the disability;

c.   Identify potential accommodations and assess the effectiveness each would have in enabling the individual to perform the essential functions of the position; and

d.   Consider the preference of the disabled individual while selecting the accommodation that is most appropriate for both the employee and employer. 29 C.F.R. § 1630.

43.   When a disabled employee can show that an employer fails to engage in the interactive process in good faith and can show that the employer failed to provide a reasonable accommodation, then the employer can be liable for consequential damages, including punitive damages. 42 U.S.C. § 2000e-k(A).

44.   In this case the evidence is clear that Plaintiff is an individual with a disability. She required reasonable accommodations at her job.

45.   It is also clear that Plaintiff adequately informed her employer of her disability and of her need for reasonable accommodations.

46.   However, Defendant denied Plaintiff's request and also failed to engage in the interactive process in good faith with Plaintiff in violation of the ADA.

47.   Based on Defendant's conduct, it is liable to Plaintiff under the ADA for discriminating against her based on her disability and/or perceived disability.

48.   Based on Defendant's conduct, it is also liable to Plaintiff under the ADA for retaliation against her based on her disability and/or perceived disability.

49.     Based on Defendant's conduct, it is also liable to Plaintiff under the ADA for failing to provide a reasonable workplace accommodation.

50.     Defendant's actions demonstrate that it regarded Plaintiff as having an impairment.  Subsequent to Plaintiff's complaints of being treated differently, she began to suffer from retaliation and adverse employment action, including termination as a result of Defendant's retaliatory behavior.

51.     Such discrimination and retaliation has caused Plaintiff to suffer damages of severe emotional distress and lost wages, both in the past and future, lost raises, seniority and retirement benefits, and other benefits associated as Plaintiff has been subjected to an adverse employment action as a result of Defendant's discrimination and retaliation.  Such discrimination and retaliation was committed with malice and reckless indifference to the rights of Plaintiff who endured discrimination, opposed such, and reported discriminatory behavior and desires to be treated equally pursuant to the intent of the statute to protect victims from such actions.

52.     Plaintiff has been denied opportunities to which she was entitled and such benefits and privileges that she would have received if she had not been intentionally discriminated and retaliated against by Defendant.  Plaintiff is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.   These irreparable injuries and monetary damages are the result of Defendant's discriminatory and retaliatory practices.

**B.     Family and Medical Leave Act ("FMLA") – Discrimination, Retaliation, and Interference**

53.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

54.     Pursuant to the FMLA, 29 U.S.C. § 2612 (a)(1)(D), Plaintiff was entitled to a leave of absence within the provisions of 29 U.S.C. § 2613 for a total of twelve (12) work weeks during any twelve month period because of a serious health condition that makes the employee unable to perform the function of the position of such employee.

55.     Plaintiff's right to return to her employment following an FMLA leave is secured by 29 U.S.C. § 2614(a)(1)(A) [to the same position]; or (B) [to an equivalent position with equivalent employment benefits, pay and other terms and conditions of employment].

56.     Section 2614(a)(2) of the FMLA further provides that an employee taking a leave of absence under this statute shall not result in the loss of any õemployment benefit accrued prior to the date on which the leave commences.ö

57.     The FMLA creates rights under 29 U.S.C. § 2615(a)(1), that make it unlawful for any employer to interfere with, restrain, or deny the exercise of or attempt to exercise any right provided under that title.  Pursuant to § 2615 (a)(2) it is also unlawful for an employer to retaliate or discriminate against any employee who has taken FMLA leave.

58.     Defendant wrongfully discharged Plaintiff in violation of the FMLA.

59.     Defendant's FMLA violations were intentional and malicious, and executed without any reasonable good faith belief that its actions were lawful, thus entitling Plaintiff to liquidated damages.

60.     As a direct and proximate cause of Defendant's violations of the FMLA, Plaintiff has sustained injuries and damages, including but not limited to loss of earnings and benefits; loss of career and work opportunity; and emotional distress.

## VII.
## ATTORNEY'S FEES

61.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

62.     Plaintiff is entitled to recover attorney's fees (including expert fees) and costs for bringing this action pursuant to the ADA.

63.     Plaintiff is entitled to recover attorney's fees (including expert fees) and costs for bringing this action pursuant to the FMLA.

## VIII.
## JURY DEMAND

64.     Plaintiff respectfully requests that this matter be tried before a jury.

## IX.
## PRAYER

WHEREFORE, Plaintiff Christine Miller prays that Defendant Southwestern Bell Telephone Company d/b/a AT&T Texas be cited to appear and answer and that after final trial hereof, this Court grant judgment in favor of Plaintiff Christine Miller and against Defendant as follows:

a.      Lost wages and benefits in the past and future (back pay and front pay);

b.      Reinstatement;

c.      Emotional pain and suffering in the past and future;

d.      Punitive and/or exemplary damages;

e.      Liquidated damages;

f.      Costs of suit;

g.      Pre-judgment and post-judgment interest, as allowed by law;

h.      Reasonable attorney's fees (including expert fees); and

i.      Any and all other relief that the Court deems appropriate and/or to which

Plaintiff may be justly entitled.


Respectfully submitted,



By:____/s/ Lionel Martin_____
        Lionel Martin
        Texas State Bar No. 24037032
        Federal I.D. No. 31342
        Lmartin@mgmartinlaw.com

        10707 Corporate Drive
        Suite 100
        Stafford, Texas 77477
        Tel: (281) 277-3066
        Fax: (281) 277-3067

        ***Attorney-In-Charge for Plaintiff***


**OF COUNSEL:**

**GARCIA-MARTIN & MARTIN, P.C.**

Melissa Garcia-Martin
Federal I.D. No. 38613
Texas State Bar No. 24039035
mmartin@mgmartinlaw.com

10707 Corporate Drive
Suite 100
Stafford, Texas 77477
Tel:  (281) 277-3066
Fax: (281) 277-3067